# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FREEDOM MORTGAGE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. N22L-10-033 FWW |
| VERLYN RAYFIELD, | ) ) | |
| Defendant. | ) ) | |

Submitted: May 15, 2023
Decided: May 17, 2023

*Upon Defendant Verlyn Rayfield's Motion to Compel Production of Original Documents and Answers,*
**GRANTED in part and DENIED in part.**

## <u>ORDER</u>

Janet Z. Charlton, Esquire, Chase N. Miller, Esquire, MCCABE, WEISBERG & CONWAY, LLC, 1407 Foulk Road, Suite 204, Wilmington, DE 19803, Attorneys for Plaintiff Freedom Mortgage Corporation.

Verlyn Rayfield, 821 W. 32nd Street, Wilmington, DE 19802, Defendant.

**WHARTON, J.**

This 17th day of May 2023, upon consideration of the Defendant's Motion to Compel Production of Original Documents and Answers,[1] the Plaintiff's Response to Defendant's Motion to Compel,[2] and the record in this case, it appears to the Court that:

1. Freedom Mortgage Corporation ("Freedom") brought this mortgage foreclosure action on October 19, 2022.[3] Freedom alleges that George Rayfield and Verlyn Rayfield ("Rayfield") executed and delivered a mortgage on the property known as 821 W. 32nd Street, Wilmington, Delaware.[4] Freedom further alleges that it is the assignee of the mortgage.[5] George Rayfield died on June 9, 2021, leaving Verlyn Rayfield the surviving tenant by the entirety.[6] Freedom claims that Rayfield has failed to pay installments on the mortgage and now owes Freedom $199,371.96 in principal together with interest and assorted other charges.[7]

2. Rayfield filed an Answer and Counterclaim on October 27, 2022.[8] In that filing, she added a parenthetical "(TRUST)" to her name in the caption, asserting

---

[1] Def's. Mot. to Compel, D.I. 40; D.I. 41. For some reason, Rayfield filed her Motion to Compel twice.
[2] Pl.'s Resp. to Def.'s Mot. to Compel, D.I. 43.
[3] Compl., D.I. 1.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Def.' Ans., D.I. 3.

that she is a "*cestui que vie* trust"[9] and signed it "verlyn-teresa: rayfield-bey, 'proper name' Authorized Representative to *ens legis* of Court: 'VERLYN RAYFIELD' All Natural/Constitutional Rights 'explicitly reserved' c/o 821 W. 32nd St. Wilmington, via Delaware Republic, Zip Exempt [19802] via United States Republic, Continental North America Non-Domestic, Non-Resident, via united [sic] States Mail without the United States corp. ®."[10]  Similarly, in all of her subsequent filings, she adds "(TRUST)" after her name in the caption and identifies herself as "Verlyn-teresa: Rayfield-bey, *pro per sui juris* Authorized Agent to Respondent VERLYN RAYFIELD (TRUST)."  The addition of "(TRUST)" to the caption after her name is an unauthorized amendment and is stricken from all filings to which it has been or will be added unless approved by the Court upon proper application.  Further, despite Rayfield's misguided attempts to appear in some guise as an agent for herself or for some nonexistent trust, the Court does not recognize anyone as appearing as "Authorized Agent" on behalf of Rayfield.[11]  The Court disregards all attempts by Rayfield to appear in that fashion.

3.     The Motion to Dismiss, accompanied by an Affidavit in Support of Motion to Dismiss setting out the grounds for dismissal, was filed on January 16,

---

[9] *Id.*

[10] *Id.* All subsequent filings were executed in this same fashion.

[11] *See, Freedom Mortgage Corporation v. Rayfield,* at n. 26, 2023 WL 2134977 (Del. Super. Ct. Feb. 17, 2023).

3

2023.[12] The Court denied that motion of February 17, 2023.[13] Rayfield's Motion to Expedite Ruling on Motion to Dismiss, filed the same day as the Court Order Denying the Motion to Dismiss was deemed moot, and her Motion for Reconsideration of Order Denying Motion to Dismiss Plaintiff's Complaint was denied, both on March 3, 2023.[14] Most recently, the Court denied her Motion for Explanation of Order Denying Motion to Dismiss Plaintiff's Complaint and Motion for Reconsideration.[15]

4. Unfortunately, due to Rayfield's approach to litigation, the Motion to Compel requires some parsing to glean what exactly Rayfield is seeking to compel Freedom to produce. In its response, Freedom states that the note upon which the action is based was attached to the Complaint as Exhibit A.[16] It further understands the motion to seek production of: (1) "Answer and Cross-claim (D.I. 3);" (2) Subpoena Duces Tecum (D.I. 12);" and (3) "Demand For Oath(s), Bond(s), And Conflict of Interest Disclosure(s) (D.I. 13)."[17] Freedom responds that the first is not discoverable; the second is not a valid subpoena issued by the Court and, in any

---

[12] Def.'s Mot. to Dismiss, D.I. 18.

[13] *Freedom Mortgage Corporation v. Rayfield,* 2023 WL 2134977 (Del. Super. Ct. Feb. 17, 2023).

[14] *Freedom Mortgage Corporation v. Rayfield,* 2023 WL 2346400 (Del. Super. Ct. Mar. 3, 2023).

[15] *Freedom Mortgage Corporation v. Rayfield,* 2023 WL 2609632 (Del. Super. Ct. mar. 22, 2023).

[16] Pl.'s Resp to Mot. to Compel, at 1-2, D.I. 43.

[17] *Id.* at 2-3.

event, relates to a Department of Justice mediation conducted by a court appointed mediator; and it has produced Plaintiff's Attorneys' Certificates of Good Standing, the only documents responsive to the third.[18]

5.      Freedom's reading of the motion is reasonable.  First, the Court agrees that requesting production of her own Answer and Cross-claim is not a proper discovery request.  Next, the Court also agrees that the so-called subpoena *duces tecum* issued in connection with the mediation conference was not an enforceable subpoena issued by the court.  Nevertheless, it does appear to the Court that certain of Rayfield's requests in that subpoena constitute legitimate requests for production of documents - specifically her requests for production of the note, the mortgage, and the assignment.  While this request does not track the usual Superior Court discovery practice, given Rayfield's status as a *pro se* litigant, the Court will treat it as a request for production of those documents under Superior Court Civil Rule 26.  The mortgage and assignment were attached to the Complaint, and, thus, have been produced.[19]  However, despite Freedom's representation in its response to the motion that the note was attached to the Complaint as Exhibit A, it was not.[20]  Therefore, it does not appear that the note has been produced.  Accordingly, Freedom is directed to produce to Rayfield the promissory note secured by the mortgage.  Finally,

---

[18] *Id.*

[19] Complaint, at Ex. E (Mortgage) and F (Assignment of mortgage), D.I. 1.

[20] Exhibit A is a Notice of Foreclosure Mediation.  *Id.* at Ex. A.

Freedom represents that it has produced documents responsive to Rayfield's third request.

**THEREFORE**, Defendant Verlyn Rayfield's Motion to Compel Production of Original Documents and Answers is **GRANTED** as to the promissory note only. Freedom Mortgage Corporation is directed to produce a certified copy of the promissory note to Defendant Verlyn Rayfield no later than 20 days from the date of this Order. In all other respects, the Motion is **DENIED.**

**FURTHER,** the addition of the parenthetical "(TRUST)" to the caption of the case after the Defendant's name is stricken from all filings to which the Defendant has added it and to which the Defendant attempts to add it in the future unless approved by the Court upon proper application.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.